IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RODNEY RAY REEVES,           )
                             )
        Petitioner,          )
                             )
v.                           )  Case No. 14-CV-055-JED-TLW
                             )
JIM FARRIS, Warden,          )
                             )
        Respondent.          )

**OPINION AND ORDER**

Before the Court is a 28 U.S.C. § 2254 habeas corpus petition (Doc. 1) filed by Petitioner, a state prisoner appearing *pro se*. Respondent filed a response to the petition (Doc. 9), and provided the state court record necessary for resolution of Petitioner's claims (Docs. 9, 10). Petitioner filed a reply (Doc. 11). For the reasons discussed below, the petition is denied.

*BACKGROUND*

Petitioner challenges his convictions and sentences entered in Osage County District Court, Case Nos. CF-2011-67 and CF-2011-139. The record demonstrates that Petitioner was charged in Case No. CF-2011-67, with ten (10) counts of First Degree Rape. The victim in Case No. CF-2011-67 was Petitioner's daughter.[1] In addition, in Case No. CF-2011-139, Petitioner was charged with First Degree Rape of a Victim Under Age Fourteen (Count 1) and Forcible Sodomy (Count 2). The

---

[1] At Petitioner's formal sentencing, the prosecutor highlighted the findings of the presentence investigation report and argued that the findings supported sentences of life imprisonment. *See* Doc. 9-16, Tr. Sent. at 3-7. Those findings included that Petitioner began sexually abusing his daughter when she was eight (8) years old and continued until she was fifteen (15) years old. *See id.* at 4. The abuse included vaginal intercourse that took place on a weekly basis. *Id.*

victim in Case No. CF-2011-139 was Petitioner's granddaughter.[2] On October 13, 2011, five days before trial, Petitioner entered blind pleas of guilty to all counts in both cases. *See* Doc. 9-15. The trial judge found Petitioner to be competent and that Petitioner's pleas of guilty were knowingly and voluntarily entered. *Id.* at 9. The trial judge accepted the pleas and found Petitioner guilty as charged. *Id.* On December 9, 2011, Petitioner received sentences of twenty-five (25) years imprisonment on each of the ten counts in Case No. CF-2011-67, to be served concurrently, and twenty-five (25) years imprisonment and twenty (20) years imprisonment on Counts 1 and 2, respectively, in Case No. CF-2011-139, to be served concurrently with each other, but consecutive to the sentence in Case No. CF-2011-67. *See* Docs. 9-1, 9-2. At the time of his blind plea, Petitioner was represented by attorney Glenn Davis. *See* Doc. 9-15 at 1.

On December 16, 2011, Petitioner filed timely motions to withdraw his blind pleas. *See* Docs. 9-3, 9-4. He alleged that "the sentence rendered by the Court is excessive since he is a first offender with severe health problems having Stage III Parkinson's disease." *Id.* On December 30, 2011, the trial judge held a hearing and denied the motions. *See* Docs. 9-5, 9-6.

Represented by attorney Lisbeth L. McCarty, Petitioner filed a petition for writ of *certiorari* in the Oklahoma Court of Criminal Appeals (OCCA). *See* Doc. 9-7. He raised the following propositions of error:

> Proposition I:   Petitioner was misadvised as to the full range and consequences of punishments for the charged crimes; thus, the plea was not knowing and voluntary and due process dictates that the plea be allowed to be withdrawn.

---

[2]   The presentence investigation report included findings that Petitioner began sexually abusing his granddaughter when she was seven (7) years old. *See* Doc. 9-16, Tr. Sent. at 5. The abuse included both vaginal and anal sex. *Id.*

|  |  |
|---|---|
| Proposition II: | The trial judge abused his discretion by failing to give Mr. Reeves credit for time served. |
| Proposition III: | The trial judged failed to make a full and complete inquiry into Petitioner's competence to enter the plea. |

*Id.* at 2. In an unpublished Summary Opinion, filed September 12, 2012, in Case No. C-2012-14 (Doc. 9-8), the OCCA denied the petition and affirmed the Judgment and Sentence of the district court.

On November 5, 2012, Petitioner filed an application for post-conviction relief. *See* Doc. 9-10. In an Order filed in both cases on April 18, 2013, the trial judge denied the requested relief. *See* Doc. 9-11, 9-12. Petitioner appealed, raising three propositions of error, as follows:

|  |  |
|---|---|
| Proposition I: | The petitioner was never advised by trial counsel or the court that he would have to serve eighty-five (85%) percent of his fifty (50) yr. sentence (day for day) before he would be eligible for parole and before he could receive earned credits and good time credits to reduce the length of his sentence and the amount of time he would have to serve in the Oklahoma Department of Corrections. |
| Proposition II: | The petitioner was denied the right to have effective assistance of counsel at trial which is guaranteed under the Sixth Amendment of the United States Constitution. Trial counsel failed to ever advise Petitioner about 21 O.S. § 13.1, which would require him to serve (85%) of his entire sentence (day for day) before he would become eligible for parole or be allowed to receive earned credits to reduce the length of his sentence. |
| Proposition III: | The court imposed excessive punishment on the petitioner who is a "first time" offender which subjected him to "cruel and unusual punishment," in violation to [sic] his 8th Amendment rights guaranteed by the United States Constitution. |

*See* Doc. 9-13. By Order filed October 21, 2013, the OCCA denied Petitioner's request for a stay and affirmed the denial of post-conviction relief. *See* Doc. 9-14.

3

Petitioner commenced this federal action by filing a *pro se* petition for writ of habeas corpus (Doc. 1). In his supporting brief (Doc. 2), Petitioner raises eight (8) grounds of error, as follows:

Ground 1: The petitioner's plea of guilty was not knowingly, intelligently, or voluntarily entered because he was not advised of the actual minimum and maximum range of punishment before he entered his plea.

Ground 2: The petitioner was denied the right to have effective assistance of counsel at trial guaranteed by Sixth Amendment of the United States Constitution.

Ground 3: The court imposed excessive punishment for the petitioner as he is a first time offender, who is sixty three years of age, with serious medical and health problems, in violation of his Eighth Amendment rights.

Ground 4: The petitioner was denied due process of law when the District Court of Osage County denied his motion for summary judgment after the State of Oklahoma (prosecution) failed to timely respond to the petitioner's application for post-conviction relief and thereby clearly defaulted.

Ground 5: The petitioner's right to due process of law were [sic] violated when the Oklahoma Court of Criminal Appeals denied his motion to stay and did not remand Petitioner's case back to the state district court because the prosecution failed to ever provide the petitioner with a copy of it's [sic] response to his application for post-conviction relief, before the court ruled on it and denied relief.

Ground 6: Petitioner was misadvised as to the full range and consequences of punishments for the charged crimes; thus, the plea was not knowing and voluntary and due process dictates that the plea be allowed to be withdrawn.

Ground 7: The trial judge abused his discretion by failing to give Mr. Reeves credit for time served.

Ground 8: The trial judge failed to make a full and complete inquirey [sic] into petitioner's competency to enter the plea.

*Id.* In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief. *See* Doc. 9.

*ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Respondent concedes, *see* Doc. 9 at 2 ¶ 5, and the Court agrees, that Petitioner fairly presented the substance of Grounds 1, 2, 3, 7, and 8 to the OCCA on either *certiorari* or post-conviction appeal. Therefore, the Court finds that Petitioner exhausted state remedies for those claims as required by 28 U.S.C. § 2254(b). Grounds 4, 5, and 6 have not been presented to the OCCA and are unexhausted. However, as discussed below, those grounds for relief lack merit and can be denied under 28 U.S.C. § 2254(b)(2) despite being unexhausted.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. *See Cullen v. Pinholster*, 563 U.S. 170, 184-85 (2011); *Williams v. Taylor*, 529 U.S. 420 (2000).

**B.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 386 (2000); *Neill v. Gibson*, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established

Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. *See Bell v. Cone*, 535 U.S. 685, 699 (2002); *Hooper v. Mullin*, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." *White*, 134 S. Ct. at 1702 (citing *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)); *see also Metrish v. Lancaster*, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). *Id.* at 98; *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Further, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated Petitioner's Grounds 3, 7, and 8 on either *certiorari* or post-conviction appeal. Insofar as Petitioner claims violations of the United States Constitution, his claims will be reviewed pursuant to § 2254(d). To the extent Petitioner also claims violations of the

Oklahoma Constitution or Oklahoma statutory law, those claims are denied because they are not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Id.* at 68 (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975)).

1. **Adequacy of competency evaluation (Ground 8)**

As his eighth ground of error, Petitioner claims that the trial judge failed to inquire adequately concerning his competency to plead guilty. *See* Doc. 2 at 9-10. Petitioner presented this claim to the OCCA on *certiorari* appeal. *See* Doc. 9-7 at 8. The OCCA denied relief, finding as follows:

> this issue is waived as it was not raised in the motion to withdraw plea. Reeves has made no showing of plain error by a showing that he was incompetent at the time he entered his plea, thus the failure to do a more thorough inquiry into Reeves's competency did not affect the determination that Reeves's plea was knowing and voluntary. *Cox v. State*, 2006 OK CR 51, ¶ 4, 152 P.3d 244, 247, *also see Fields v. State*, 1996 OK CR 35, ¶ 38, 923 P.2d 624, 631-32.

*See* Doc. 9-8 at 3.

In *McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001), the Tenth Circuit Court of Appeals summarized federal law governing competency as follows:

> It is well-settled that the "criminal trial of an incompetent defendant violates due process." *Medina v. California*, 505 U.S. 437, 453, 112 S. Ct. 2572, 120 L. Ed. 2d 353 (1992). This "prohibition is fundamental to an adversary system of justice." *Drope v. Missouri*, 420 U.S. 162, 172, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975). The rule, rooted in the common law, is likely a "by-product of the ban against trials in absentia; the mentally incompetent defendant, though physically present in the courtroom, is in reality afforded no opportunity to defend himself." *Id.* at 171, 95 S.

7

> Ct. 896 (quoting Foote, *A Comment on Pre Trial Commitment of Criminal Defendants*, 108 U. Pa. L. Rev. 832, 834 (1960)).
>
> The test for determining competency to stand trial is well-established. The trier of fact must consider "whether [defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960). "That defendant can recite the charges against [him], list witnesses, and use legal terminology are insufficient" to demonstrate that he had a rational, as well as factual, understanding of the proceedings. *United States v. Williams*, 113 F.3d 1155, 1159 (10th Cir. 1997).
>
> "[C]ompetency claims can raise issues of both substantive and procedural due process." *Walker v. Att'y Gen.*, 167 F.3d 1339, 1343 (10th Cir. 1999). A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing, while a substantive competency claim is founded on the allegation that an individual was tried and convicted while, in fact, incompetent. *Id.* at 1343-44. Accordingly, an individual raising a procedural competency claim is held to a lower burden of proof than one raising a substantive competency claim. *See id.* at 1344.

*Id.* at 951-52 (footnote omitted). To make out a procedural competency claim, a defendant "must raise a bona fide doubt regarding his competency to stand trial . . . ." *Id.* at 952. This requires a demonstration that "a reasonable judge should have doubted" the defendant's competency. *Id.* at 954. It does not require proof of actual incompetency. *Id.* A substantive competency claim, on the other hand, requires the higher standard of proof of incompetency by a preponderance of the evidence. *Cooper v. Oklahoma*, 517 U.S. 348, 368-69 (1996); *Walker*, 167 F.3d at 1344.

A strong presumption of reliability is accorded a defendant's in-court statements made when the plea was entered concerning the voluntariness of the plea and his satisfaction with his attorney's performance. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74.

In Ground 8 of his habeas petition, Petitioner raises a procedural competency claim, arguing that "the trial judge made no inquiries into Petitioner's competency, as such, the trial judge fell far short of fulfilling the requirements to determine competency of the Petitioner before accepting his blind plea." *See* Doc. 2 at 10.  In evaluating this claim, the Court must "examine the totality of the circumstances: all evidence should be considered together, no single factor 'stand[s] alone.'" *McGregor*, 248 F.3d at 955 (quoting *Drope*, 420 U.S. at 180 (quotation omitted)). The Court must examine "whether the trial court 'fail[ed] to give proper weight to the information suggesting incompetence which came to light during trial.'" *Id.* (quoting *Drope*, 420 U.S. at 179).

In support of this claim, Petitioner states the following:

> [w]hen Mr. Reeves was being introduced to the lead investigator on the case, Mr. Reeves stated, "I raped her man, I'm sick." According to the videotaped interview, Petitioner repeatedly stated that he was "sick" and a "sick son of a bitch." At sentencing, the prosecutor described Mr. Reeves as "a sick, twisted human being[.]" Petitioner was not taking his medications, and he had a history of being in poor health.

*See* Doc. 2 at 9-10.  In reply to the response, Petitioner also points to information contained in the pre-sentence investigation report, including a record demonstrating that he had been hospitalized in California in 1968-69, or more than forty (40) years before entering his guilty pleas, following a suicide attempt.  *See* Doc. 11 at 10. The problem with Petitioner's argument is that he identifies nothing that raises a bona fide doubt regarding his competence at the time of the change of plea hearing.  Nothing in the record suggests that, at the time of the plea hearing, a reasonable judge should have doubted Petitioner's competence.  Furthermore, on the "Plea of Guilty Summary of Facts" forms completed for each of the criminal cases, Petitioner denied that he had been prescribed any medication that he should be, but was not taking.  *See* Docs. 9-17 at 1, 9-18 at 1.  He also denied having ever been treated by a doctor or health professional for mental illness or having been

9

confined in a hospital for mental illness. *See* Docs. 9-17 at 2, 9-18 at 2. In addition, Petitioner averred that he understood the nature and consequences of entering pleas of guilty. *See* Docs. 9-17 at 2, 9-18 at 2.

In light of the record discussed above, the Court finds nothing that should have caused a reasonable judge to have doubted Petitioner's competency. As a result, Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Petitioner is not entitled to habeas corpus relief on Ground 8.

### 2. Failure to grant credit for time served (Ground 7)

In Ground 7, Petitioner claims that he was deprived of "due process of law" when the trial judge failed to grant credit for time served in jail prior to sentencing. *See* Doc. 2 at 9. On *certiorari* appeal, Petitioner argued that he had spent "at least 156 days" in jail prior to being sentenced. *See* Doc. 9-7 at 7. In support of his claim that the trial judge had abused his discretion in refusing to grant credit for jail time, Petitioner cited *Holloway v. State*, 182 P.3d 845, 848 (Okla. Crim. App. 2008) ("We hold that the Equal Protection Clause mandates [the defendant] be given appropriate credit for the time he was confined in jail awaiting trial and financially unable to make bond."). *Id.* Without analyzing the possible equal protection claim, the OCCA denied relief, finding that "this issue was waived, and no plain error occurred, as the trial court did not abuse its discretion in sentencing without credit for time served." *See* Doc. 9-8 at 3.

In this habeas action, Petitioner does not argue that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* Doc. 2 at 9. In Oklahoma, sentencing judges have discretion in deciding

whether to allow a defendant credit for time served in jail before sentencing. *See, e.g.*, *Shepard v. State*, 756 P.2d 597, 602 (Okla. Crim. App. 1988). However, "when the aggregate imprisonment exceeds the maximum period fixed by the statute and results directly from an involuntary nonpayment of fine or court costs [or, as in this case, an inability to make bail] we are confronted with an impermissible discrimination that rests on ability to pay" in violation of the Equal Protection Clause. *Williams v. Illinois*, 399 U.S. 235, 240-41 (1970); *see also Hall v. Furlong*, 77 F.3d 361, 364 (10th Cir. 1996); *Brotherton v. U.S.*, 420 F.2d 1357, 1357 (10th Cir. 1970) (acknowledging that federal district court had discretion to deny credit where total of sentence time and prior custody was within permissible term).

Here, Petitioner stated on *certiorari* appeal that he spent "at least 156 days" in jail prior to being sentenced. He faced a maximum of eleven (11) life sentences for each First Degree Rape conviction, *see* Okla. Stat. tit. 21, § 1115, and a maximum of twenty (20) years imprisonment for the Forcible Sodomy conviction, *see* Okla. Stat. tit. 21, § 888. He received a total sentence of fifty (50) years in custody: twenty-five (25) year sentences for each rape conviction, with all but two to be served concurrently, and twenty (20) years for the Forcible Sodomy conviction, to be served concurrently with one of the twenty-five year sentences. Those sentences are far below the statutory maximum sentences. Thus, the denial of credit for Petitioner's 156 days of jail time did not result in an aggregate term of imprisonment in excess of the maximum period fixed by statute and the trial judge's denial of credit for time served did not result in impermissible discrimination in violation of the Equal Protection Clause. *Williams*, 399 U.S. at 241.

Petitioner points to no other basis for habeas corpus relief. The Court concludes that the OCCA's adjudication of this claim was not contrary to, or an unreasonable application of, clearly

established federal law as determined by the Supreme Court. For that reason, Petitioner is not entitled to habeas corpus relief on Ground 7.

### 3. Excessive sentence (Ground 3)

In Ground 3, Petitioner claims that his sentences are excessive in violation of the Eighth Amendment because he is a first time offender and he suffers from poor health. *See* Doc. 2 at 4. This claim was first presented to the OCCA on post-conviction appeal. The OCCA found that "[t]he excessive sentence claim was addressed in Reeves's *certiorari* appeal, making this issue *res judicata*." *See* Doc. 9-14 at 3. In adjudicating Petitioner's claim on *certiorari* appeal that he had been misadvised as to the full range and consequences of punishments for the crimes charged, the OCCA ruled that:

> Reeves' main complaint is excessive sentence. We hold that the punishment provisions were sufficiently explained to Reeves so that he could make a knowing and voluntary plea. *Lewis v. State*, 2009 OK CR 20, ¶ 5, 220 P.3d 1140, 1142. We further find that the sentences are not excessive, so that they shock this Court's conscience. *Rea v. State*, 2001 OK CR 28, ¶ 5, 34 P.3d 148, 149.

*See* Doc. 9-8 at 3.

A habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Federal habeas review generally ends "once we determine the sentence is within the limitation set by statute." *Id.* In this case, Petitioner's sentences were all within the sentencing ranges for the crimes charged, as established under Oklahoma law. There is no basis for habeas relief based on the length of sentences received by Petitioner. Habeas corpus relief on Ground 3 is denied.

**C. Advisement of 85% Rule (Grounds 1 and 2)**

In Grounds 1 and 2, Petitioner alleges that his blind pleas of guilty were not knowingly, intelligently, or voluntarily entered because he was not advised by either the trial judge or his trial counsel of the ramifications of the 85% Rule. *See* Doc. 2 at 2-3. Petitioner first raised these claims on post-conviction appeal.[3] The OCCA cited state law and found that the claim of ineffective assistance of counsel "could have been raised on direct appeal, but was not, and is therefore waived." *See* Doc. 9-14 at 3. The OCCA further found that any excessive sentence claim "was addressed in Reeves's *certiorari* appeal, making this issue *res judicata*." *Id.*

In response to the petition, Respondent acknowledges that the OCCA imposed a procedural bar on Petitioner's allegations that he was not sufficiently advised of the ramifications of the 85% Rule on service of his sentences. *See* Doc. 9 at 12. However, Respondent argues that this Court need not review the OCCA's imposition of a procedural bar because Petitioner's claims fail on the merits. The Court agrees with Respondent. *See Smith v. Mullin*, 379 F.3d 919, 927 (10th Cir. 2004) ("We need not determine the level of deference owed the OCCA's conclusions as to these various misconduct claims or which [claims] are barred on independent and adequate state grounds. Where an issue may be more easily and succinctly affirmed on the merits, judicial economy counsels in favor of such a disposition.") (internal quotations and citation omitted); *Cannon v. Mullin*, 383 F.3d 1152, 1159 (10th Cir. 2004) ("When questions of procedural bar are problematic, however, and the substantive claim can be disposed of readily, a federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits.").

---

[3]     Although the title of Petitioner's Ground 1 habeas corpus claim corresponds to his first proposition of error as raised on *certiorari* appeal, the substance of the argument presented in Ground 1 corresponds to the first and second propositions of error raised on post-conviction appeal.

"It is beyond dispute that a guilty plea must be both knowing and voluntary. The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Parke v. Raley*, 506 U.S. 20, 28-29 (1992) (internal quotation marks and citations omitted). In considering a habeas petition, or after the judgment of conviction upon a guilty plea has become final, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *U.S. v. Broce*, 488 U.S. 563, 569 (1989). A strong presumption of reliability is accorded a defendant's in-court statements made when the plea was entered concerning the voluntariness of the plea and his satisfaction with his attorney's performance. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74.

In addition, to establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Osborn v. Shillinger*, 997 F.2d 1324, 1328 (10th Cir. 1993). In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the Supreme Court held that *Strickland* applies to challenges to guilty pleas based on ineffective assistance of counsel. In accord with *Strickland*, a defendant challenging the effective assistance of counsel during the guilty plea process must show counsel's performance was deficient and that such deficient performance prejudiced him. *Id.* at 57-58. As the Court explained in *Hill*,

> in the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence . . . . The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.

> In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Id.* at 58-59.

Here, Petitioner's blind pleas of guilty were both counseled and voluntary. Contrary to Petitioner's allegations, the record reflects that, during Petitioner's change of plea hearing, the trial judge told Petitioner that the 85% Rule would apply to the service of his sentences.[4] *See* Doc. 9-15 at 5. The trial judge explained that Petitioner would serve at least 85% of his sentence. *Id.* Moreover, that record defeats any claim of ineffective assistance of counsel because Petitioner repeatedly acknowledged that he understood application of the 85% Rule *Id.* Thus, even if trial counsel and Petitioner did not discuss the 85% Rule, Petitioner cannot demonstrate prejudice as required under the second prong of *Strickland*. Petitioner fails to demonstrate a reasonable probability that, but for counsel's alleged failure to explain the 85% Rule, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58-59. Based on the record, the Court finds that Petitioner's blind pleas were counseled and voluntary and that trial counsel did not provide ineffective assistance. Grounds 1 and 2 lack merit and Petitioner is not entitled to habeas corpus relief on those grounds.

## D. Unexhausted claims lack merit (Grounds 4, 5, and 6)

Petitioner presents three claims, Grounds 4, 5, and 6, that have never been presented to the OCCA and are unexhausted. However, for the reasons discussed below, the claims lack merit and are denied under 28 U.S.C. § 2254(b)(2).

---

[4] The trial judge also told Petitioner at his sentencing hearing that the 85% Rule applied to the service of Petitioner's sentences. *See* Doc. 9-16 at 11.

1.       **Ineffective assistance of appellate counsel (Ground 6)**

As his sixth ground of error, Petitioner claims that appellate counsel provided ineffective assistance in failing to argue that "Petitioner was never advised that he would be required to serve eighty-five (85%) percent of his sentence, (day for day), before he would be eligible for parole consideration, or be eligible to receive earned credits and good time, to reduce the length of his sentence."[5] *See* Doc. 2 at 8. Petitioner never presented a claim of ineffective assistance of appellate counsel to the OCCA. However, this Court may deny relief when an unexhausted claim lacks merit. *See* 28 U.S.C. § 2254(b)(2). That is the case here.

When assessing claims of ineffective assistance of appellate counsel, this Court applies the *Strickland* two-pronged standard used for general claims of ineffective assistance of trial counsel. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Strickland*, 466 U.S. 668). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999). In *Cargle v. Mullin*, 317 F.3d 1196 (10th Cir. 2003), the Tenth Circuit directed that:

> If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance.

---

[5]     Although the title of Petitioner's Ground 6 claim does not allege ineffective assistance of appellate counsel, that is in fact the argument presented in the text of the claim as raised in the supporting brief (Doc. 2 at 8).

*Id.* at 1202 (citation and footnote omitted); *see also Parker v. Champion*, 148 F.3d 1219, 1221 (10th Cir. 1998).

As discussed in Part C, above, the record belies Petitioner's claim that he was not advised that the 85% Rule would apply to the service of his sentences. As a result, the omitted claim lacks merit and appellate counsel did not provide ineffective assistance in failing to raise the claim. *Cargle*, 317 F.3d at 1202. Habeas corpus relief is denied on Ground 6.

### 2. Challenges to post-conviction procedures (Grounds 4 and 5)

In Grounds 4 and 5 of his brief in support of his petition for writ of habeas corpus, Petitioner complains that he was deprived of due process as a result of procedural errors during his post-conviction proceeding. *See* Doc. 2 at 5-7. Petitioner has never presented these claims to the OCCA. However, as stated above, this Court may deny relief when an unexhausted claim lacks merit. 28 U.S.C. § 2254(b)(2).

The Tenth Circuit Court of Appeals has consistently ruled that challenges to state post-conviction procedures do not rise to the level of federal constitutional claims cognizable on habeas corpus review. *See Phillips v. Ferguson*, 182 F.3d 769, 773-74 (10th Cir. 1999); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (when petitioner asserts no constitutional trial error, but only error in the state post-conviction procedure, no relief can be granted in federal habeas corpus); *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993); *Sawyer v. Smith*, 497 U.S. 227 (1990). Therefore, because Petitioner seeks relief based on alleged post-conviction procedural errors, his claims raised in Grounds 4 and 5 are not cognizable in this federal habeas corpus action. For that reason, habeas corpus relief is denied on Grounds 4 and 5.

E.   **Certificate of Appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decisions by the OCCA is debatable among jurists of reason. *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Furthermore, nothing suggests that the claims denied on the merits deserve further proceedings. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied. **ACCORDINGLY,** the petition for writ of habeas corpus (Doc. 1) is **denied**, a separate judgment in favor of Respondent shall be entered in this matter, and a certificate of appealability is **denied**.

**ORDERED** THIS 26th day of January, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

18